UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Laurine Meinhardt,

   Plaintiff,

**COMPLAINT**

v.

World's Foremost Bank,

   Defendant.

---

  Plaintiff Laurine Meinhardt, by and through her attorney Nathan K. McLean Esq., 1158 Randolph Avenue, Saint Paul, MN 55105, for her Complaint against Defendant states and alleges as follows:

### INTRODUCTION

1. This is an action to obtain a judgment ordering Defendants to credit and correct a billing error made by Defendants on Plaintiff's predecessor in interest's credit card account operated by Defendant pursuant to The Fair Credit Billing Act, 15 USC 1666.

### PARTIES, JURISDICTION AND VENUE

2. This action arises out of the Truth in Lending Act, 15 U.S.C. 1640, as well as its relevant subchapters and sections, including the Federal Fair Credit Billing Act, 15



**SCANNED**
NOV 04 2009
U.S. DISTRICT COURT MPLS

USC 1666 et. al. Jurisdiction is conferred upon this Court by 28 U.S.C. 1331, 2201 and 2202.

3. Plaintiff is the successor in interest to Timothy Naef, the original obligor in this action. As such, venue is proper in the District of Minnesota because Plaintiff resides in Minnesota.

4. Plaintiff is an individual located at 13055 Riverdale Drive NW, Coon Rapids, MN 55448. She has been assigned limited rights, duties and obligations arising under the original contract between Timothy Naef and Defendant, including the right to sue for damages under any and all controlling authority. Plaintiff resides in Minnesota.

5. Defendant World's Foremost Bank is a bank whose principal place of business is 4800 NW First Street, Lincoln, NE 68521 FDIC # 57079. Defendant's registered agent is one Joseph Friebe. Mr. Friebe is authorized to accept service in this matter. Defendant is a subsidiary of Cabela's, Inc.

## BACKGROUND

6. Plaintiff's predecessor in interest ("Mr. Naef") entered into a contractual agreement with Defendant World's Foremost Bank, a subsidiary of Cabela's, Inc., provider of retail sporting goods in several states.

7. The contractual agreement between Plaintiff's predecessor in interest and Defendant was an agreement for Defendant to provide credit card services to Mr. Naef in exchange for certain duties to be performed by Mr. Naef, including payment of interest and timely minimum monthly payments on any unsecured credit Mr. Naef obtained

using the credit card issued by Defendant. Upon information and belief, the contractual agreement does not include any anti-assignment clause, not does it otherwise restrict Mr. Naef's ability to assign any or all of his rights under said contract.

8. On September 15th, 2008, Mr. Naef was approached by a vendor from SEC. This vendor was selling some tools from her truck, and approached Mr. Naef at his place of employment in Wausau, WI. The vendor represented to Mr. Naef that the tools she was selling had a value of over $14,000.00. She also stated she would sell the goods at a deeply discounted price of $4,150.

9. Mr. Naef then placed an order for all of the tools with the vendor using his Cabela's Visa with World's Foremost Bank. A Bill of Sale for the goods was signed by Mr. Naef and is attached hereto as Exhibit "B."

10. That same day, the tools were transferred to Mr. Naef's possession at the point of sale. He then transfered them to his home where they still sit, unused and unopened.

11. The following day, Mr. Naef compared prices at various stores and found that the tools did not have a value of over $14,000 but were instead selling for prices comparable to what he had purchased them for.

12. As a result of the vendor's dishonesty and misrepresentation, Mr. Naef decided not to purchase the tools from the vendor and immediately contacted the merchant, SEC, by telephone and informed them as such after first making a good faith effort to resolve the situation satisfactorily. When he was unable to do so, Mr. Naef stated that he was

revoking any acceptance that may have taken place and that he wished for the goods to be picked up by the merchant.

13. Specifically, Mr. Naef mailed his notice of cancellation to the address on the bill of sale on September 19th, 2008, pursuant to Wisconsin Statute 423.202 (2).

14. The merchant refused to pick up the goods unless Mr. Naef paid a 20% restocking fee totaling $830, which he refused to do because Wisconsin law holds that a refund of the entire purchase price must be given if notice of cancellation is provided in a statutorily satisfactory manner.

15. Under Wisconsin Statute 402.602, Mr. Naef's only duty after rejection was to hold the goods at the seller's disposition for time sufficient to permit the seller to remove them.

16. Mr. Naef therefore informed SEC of where the goods were and also attempted to make arrangements for them to be picked up, but SEC was uncooperative and consistently refused to do so. Furthermore, SEC refused to credit Defendant the amount which had been paid on behalf of Mr. Naef.

17. As with any credit card agreement, the creditor is obligated to follow certain statutory requirements spelled out in the United States Code.

18. Specifically, pursuant to 15 U.S.C. 1666, Defendant is obligated to respond to a written notice from the obligor notifying Defendant of a billing error or other dispute within 30 days provided that said notice sufficiently identifies the obligor and his or her account number.

19. Mr. Naef promptly informed Defendant by telephone of the fact that he did not accept the merchandise and gave them the facts of the dispute up to that point.

20. On September 19th, 2008, Defendant responded to said telephone conversation with a written statement asking Plaintiff to provide written notice so as to satisfy statutory requirements for pursuit of a billing error claim.

21. On October 6th, 2008, Mr. Naef sent such a written notice to World's Foremost Bank notifying them that he did not accept the goods that were delivered to him by SEC. The notice was statutorily sufficient in all respects.

22. On November 11th, 2008, Defendant responded to Mr. Naef's written notice with an unfavorable determination of the billing error dispute and informed Mr. Naef that the account would not be credited. Specifically, Defendant cited the invoice signed by Mr. Naef which stated that the goods were provided at a discount, and that the contract was not rescindable without payment of a 20% restocking fee (approximately $830).

23. Because Wisconsin law states that a full refund must be given if notice of cancellation is given properly, Defendant's reasons for refusing to credit Mr. Naef's account are not proper under relevant Federal law.

24. On November 21st, 2008, Mr. Naef wrote a letter to Defendant informing them of the fact that he disagreed with their decision and that they were obligated under the law to credit his account.

25. On January 21st, 2009, Defendant responded by stating that if a refund is to be given, that Mr. Naef must return the merchandise to the seller and provide proof as such. This is contrary to Wisconsin Statute, as mentioned above.

26. Pursuant to 15 U.S.C. 1666, a "billing error" is defined as "a reflection on a statement of goods or services not accepted by the obligor or his designee...in accordance with the agreement made at the time of the transaction."

27. On August 24th 2009, Mr. Naef, for good and valuable consideration, assigned his right to pursue a remedy under the statutes in question to Plaintiff Laurine Meinhardt. A written copy of said assignment is attached hereto as Exhibit "B."

## COUNT I: VIOLATION OF THE FAIR CREDIT BILLING ACT, 15 U.S.C. 1666

28. Plaintiff hereby reincorporates any and all allegations made in the preceding paragraphs herein.

29. Mr. Naef mailed his notice of cancellation of the contract with SEC to the address on the bill of sale on September 19th, 2008, pursuant to Wisconsin Statute 423.202 (2).

30. SEC refused to pick up the goods unless Mr. Naef paid a 20% restocking fee totaling $830, which he refused to do because Wisconsin law holds that a refund of the entire purchase price must be given if notice of cancellation is provided in a statutorily satisfactory manner.

31. Under Wisconsin Statute 402.602, Mr. Naef's only duty after rejection was to hold the goods at the seller's disposition for time sufficient to permit the seller to remove them.

32. Mr. Naef therefore informed SEC of where the goods were and also attempted to make arrangements for them to be picked up, but SEC was uncooperative and consistently refused to do so.

33. As with any credit card agreement, the creditor is obligated to follow certain statutory requirements spelled out in the United States Code.

34. Specifically, pursuant to 15 U.S.C. 1666, Defendant is obligated to respond to a written notice from the obligor notifying Defendant of a billing error or other dispute within 30 days provided that said notice sufficiently identifies the obligor and his or her account number.

35. Mr. Naef promptly informed Defendant by telephone of the fact that he did not accept the merchandise and gave them the facts of the dispute up to that point.

36. On September 19th, 2008, Defendant responded to said telephone conversation with a written statement asking Plaintiff to provide written notice so as to satisfy statutory requirements for pursuit of a billing error claim.

37. On October 6th, 2008, Mr. Naef sent such a written notice to World's Foremost Bank notifying them that he did not accept the goods that were delivered to him by SEC. The notice was statutorily sufficient in all respects.

38. On November 11th, 2008, Defendant responded to Mr. Naef's written notice with an unfavorable determination of the billing error dispute and informed Mr. Naef that the account would not be credited. Specifically, Defendant cited the invoice signed by Mr.

Naef which stated that the goods were provided at a discount, and that the contract was not rescindable without payment of a 20% restocking fee (approximately $830).

39. Because Wisconsin law states that a full refund must be given if notice of cancellation is given properly, Defendant's reasons for refusing to credit Mr. Naef's account are not proper under relevant Federal law.

40. On November 21st, 2008, Mr. Naef wrote a letter to Defendant informing them of the fact that he disagreed with their decision and that they were obligated under the law to credit his account.

41. On January 21st, 2009, Defendant responded by stating that if a refund is to be given, that Mr. Naef must return the merchandise to the seller and provide proof as such. This is contrary to Wisconsin Statute, as mentioned above.

42. Pursuant to 15 U.S.C. 1666, a "billing error" is defined as "a reflection on a statement of goods or services not accepted by the obligor or his designee...in accordance with the agreement made at the time of the transaction."

43. Because Mr. Naef, as the obligor, did not accept the goods in question here, and because he was subsequently charged for those goods anyway, a billing error, as defined by 15 U.S.C. 1666, has occurred.

44. Accordingly, as Mr. Naef's successors in interest, Plaintiff is entitled to a judgment against Defendant in the amount necessary to remove the charges from the account, plus any and all finance charges that have been incurred during the time he carried the balance on his account, plus reasonable attorney fees as allowed by statute,

consequential and special damages, and other relief as this Court deems just and equitable under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) Judgment in the amount of $4,150.00 plus any and all interest payments made on the disputed balance

(b) Costs, disbursements and attorney fees as allowed by statute.

(c) Damages in twice the amount of any finance charges incurred as a result of the amount not credited by Defendant, not to exceed $1,000, pursuant to 15 U.S.C. 1640.

(d) Any and all other consequential, special, punitive or other damages as allowed by relevant statute.

(e) For such other and further relief as this Court deems just and equitable under the circumstances.

Dated: 10/30/09

_____
Nathan K. McLean, Esq.
1158 Randolph Avenue
St. Paul, MN 55105
Tel. (952) 657-8740
Fax (651) 207-8142

*Attorney for Plaintiff*

Exhibit "A"

Ⓒ TITAN IND · NET 7.24

| Ship To: | | | Date: | | |
|---|---|---|---|---|---|
| Customer: Timothy HAEF | | | | | |
| Address: 12450 Cty Rd J | | | | | |
| City Wausau | State WI | | Zip Code 54403 | | |
| Phone 715 393 0542 | | | | | |

**S.E.C.**
P.O. Box 1593
Rockford, Illinois 61111
Telephone 877-816-522

Distributor of:
**TITAN** INDUSTRIAL

Invoice # T00100

Make Checks payable to S.E.C. OR DRIVER'S NAME BELOW BOTH NAMES MUST APPEAR ON CHECK
Driver is authorized to pick up cash or cashiers check

Warranty 800-845-4141

| QTY | Model | Serial Number | Description | Unit Price | Total |
|---|---|---|---|---|---|
| 1 | 978 | 9354 | Pressure Washer | 978 | 978 |
| 1 | 1700 | 24620 | 3x3 Trash Pump | 1700 | 1700 |
| 1 | 1000 | 14750 | Air Compressor | 1000 | 1000 |
| 1 | 3100 | 4818 | Gasoline Generator | 3100 | 3100 |
| 1 | 5980 | 5499 | Diesel Generator | 5980 | 5980 |

Tax # 710236

Release No.

| | SUB-TOTAL | |
|---|---|---|
| Special Instructions    OFFICE USE ONLY | Ship/Handling | |
| American Fab, third party processing company, will appear on your statement. | Tax | |
| X Credit Card Number 4300230027163957 | TOTAL | $14000 — |
| Expiration Date 8-09    Charge Amount $ 4000 00 | | +150 |
| APPROVAL # 015518    015620   +150 00 | VISA  AMEX | |
| *Not subject to cancellation | | |

In the event this account requires legal action for collection, lawyer, court fees and a 20% restocking fee will be charged to buyer or if said equipment must be picked up by the seller from the buyer, buyer hereby agrees to pay a 20% re-stocking fee. I further certify that if sale prices or discounts are offered, I hereby waive my seventy-two (72) hour right to rescind on all products.

American Fab, third party processing company, will appear on your statement.

Purchaser (Print) Timothy Naef

Signature Timothy L. Naef    Driver Lauren Roland

Exhibit "B"

## Assignment of Certain Contractual Rights

This Assignment of Certain Contractual Rights ("Assignment") is made on 08-24-09 by and between Timothy Naef ("Assignor") and Laurine Meinhardt ("Assignee").

Assignor is the party to a Cardholder Agreement Contract with World's Foremost Bank, a copy of which is attached hereto ("The Contract").

Assignor now desires to assign its interest in the Contract to Assignee, which Assignee desires to acquire.

NOW THEREFORE, for value received by each of the parties hereto, the receipt and sufficiency of which are hereby respectively acknowledged, and in consideration of the mutual agreements of the parties, it is agreed:

**1. Effective Date:**
Assignment of Assignor's right to sue for breach of contract under The Contract, and the right to collect damages related thereto is effective 08-24-09.

**2. Assignment:**
Assignor is a party to The Contract. Assignor does hereby grant, bargain, sell, convey transfer and assign to Assignee the right to sue for breach of contract under The Contract and the right to collect damages related thereto. This includes the right to bring suit against all responsible parties for violations of State and Federal laws. Responsible parties include but are not limited to: World's Foremost Bank and Cabela's Inc.

**3. Assumption by Assignee:**
Assignee agrees to assume and hold Assignor harmless for any costs, damages or other loss, cost, damage and expense arising out of or in any way related to any litigation related to the Contract whatsoever after the effective date. Assignor agrees to hold Assignor harmless for any costs, damages or other loss, cost, damage and expense arising out of or in any way related to any litigation related to the Contract whatsoever arising before the effective date.

Assignor:

Timothy Naef
T12450 Cty. Rd. J
Wausau, WI 54403

Assignee:

Laurine Meinhardt
P.O. Box 442
Champlin, MN 55316