## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Laurine Meinhardt,

        Plaintiff,

                                        Civ. No. 09-3082 (RHK/JJK)
                                        **ORDER**
v.

World's Foremost Bank,

        Defendant.

---

      This matter is now before the Court *sua sponte*.

      In this action, Plaintiff Laurine Meinhardt asserts a claim for violation of the Fair Credit Billing Act ("FCBA") against Defendant World's Foremost Bank ("Foremost"). On December 4, 2009, Foremost moved to dismiss, and its Motion was scheduled to be heard on February 2, 2010. Accordingly, Meinhardt's opposition brief was due on or before January 12, 2010. D. Minn. LR 7.1(b)(2). No opposition was filed as of that date.

      The Court then contacted Meinhardt's counsel, who assured the Court that an opposition brief would be filed on or before January 18, 2010. Again, no brief was filed. The Court then contacted Meinhardt's counsel a second time, and was once again assured that an opposition would be filed on or before January 21, 2010. Once again, no brief was filed. The Court contacted Meinhardt's counsel a third and final time on January 28, 2010; yet again, counsel informed the Court that an opposition would be filed that evening. Yet again, no such brief was filed. As a result of the foregoing, Meinhardt's

Complaint will be dismissed for failure to prosecute.  See Fed. R. Civ. P. 41(b); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).

Putting the failure to prosecute aside, Meinhardt's action will also be dismissed on the merits of Foremost's Motion.  The Complaint alleges that on September 15, 2008, Timothy Naef[1] made a $4,150 purchase of goods on his Foremost Visa bank card. (Compl. ¶¶ 8-9.)  Following the purchase, Naef attempted to revoke his acceptance of the goods, but the seller refused to reclaim the goods, or credit Naef's account, unless Naef paid a 20% restocking fee.  (Id. ¶¶ 12-16.)  Naef sent two letters to Foremost regarding the above-described dispute.  (Id. ¶¶ 21, 24.)  The letters notified Foremost that Naef believed a billing error had occurred because he had revoked his acceptance of the goods for which he was charged.  (Id.)  Foremost responded in writing to both letters, explaining that a billing error had not occurred because the sale was not rescindable without the return of the goods and the payment of a restocking fee.  (Id. ¶¶ 22, 25.) After acquiring Naef's right to pursue a legal remedy, Meinhardt filed the present action, asserting that Foremost violated the FCBA through its failure to correct the alleged billing error.

Meinhardt's claim must be dismissed because the Complaint demonstrates that Foremost has satisfied all requirements imposed by the FCBA.  The FCBA imposes several procedural requirements when a billing error is alleged.  Specifically, it provides that if an obligor sends written notice of a billing error, the creditor must:

---

[1] Naef assigned his rights in this case to Meinhardt.  (Compl. ¶ 27.)

>(A) not later than thirty days after the receipt of the notice, send a written acknowledgment thereof to the obligor, unless the action required in subparagraph (B) is taken within such thirty-day period, and
>
>(B) not later than two complete billing cycles of the creditor (in no event later than ninety days) after the receipt of the notice and prior to taking any action to collect the amount, or any part thereof, indicated by the obligor under paragraph (2) either--
>
>(i) make appropriate corrections in the account of the obligor . . .; or
>
>(ii) send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the extent applicable the reasons why the creditor believes the account of the obligor was correctly shown in the statement and, upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness.

15 U.S.C. § 1666. The FCBA then provides that after complying with the above-quoted procedures, "a creditor has <u>no further responsibility</u> under this section." <u>Id.</u> (emphasis added). Thus, the FCBA requires a creditor, within a certain time period, to conduct an investigation into an alleged billing error and either (1) rectify the mistake or (2) send a written explanation as to why no billing error has occurred. Nothing more is required.

In this case, the Complaint acknowledges that Foremost conducted an investigation into Naef's alleged billing error and sent a timely written explanation describing why no error occurred. Accordingly, no violation of the FCBA has been pleaded and Meinhardt's Complaint will be dismissed.[2]

---

[2] An hour prior to the filing of the present Order, counsel for Meinhardt filed an opposing memorandum. (Doc. No. 13.) This memorandum, reviewed by the Court, does not change its analysis with regard to Meinhardt's failure to prosecute or the merits of the underlying Motion.

Based on the foregoing, and all the files, records and proceedings herein, **IT IS ORDERED** that Foremost's Motion to Dismiss (Doc. No. 4) is **GRANTED** and Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.  The hearing on Foremost's Motion currently set for February 2, 2010 is **CANCELED**.  Defendant's Motion for Default Judgment (Doc. No. 10) is **DENIED AS MOOT.**

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 29, 2010                               s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge